**JUDGE DANIELS**

**08 CV 4558**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NEUWA MARITIME CO., S.A,

                 Plaintiff,

- against -

OCEANIC PACIFIC LIMITED

                 Defendant.
-------------------------------------------------------------X

RECEIVED
ECF CASE
MAY 1 6 2008
U.S.D.C. S.D. N.Y.
CASHIERS

## VERIFIED COMPLAINT

Plaintiff, NEUWA MARITIME CO., S.A. (hereinafter "Neuwa Maritime" or "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, OCEANIC PACIFIC LIMITED (hereinafter "Oceanic" or "Defendant") alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. This claim involves the breach of maritime contract of charter. This matter also arises under the Court's federal question jurisdiction within the meaning of 28 United States § 1331.

2. At all times material to this action, Neuwa Maritime was, and still is, a foreign corporation, or other business entity organized and existing under foreign law.

3. Upon information and belief, Oceanic was, and still is, a foreign corporation, or other business entity organized and existing under foreign law.

4. By a fixture note dated January 8, 2008, (hereinafter "Fixture Note") Neuwa Maritime chartered the vessel "M/V JUI TAI NO. 3" (hereinafter the "Vessel") to Oceanic for the

carriage of minimum 16,000 MT of salt from the loading port of Zhenjiang, China to the discharge port of Batangas, Philippines. *See fixture note attached hereto as Exhibit "1".*

5. The Fixture Note provided "Except raining day, other time will is laytime[1]." *See Exhibit 1.*

6. Pursuant to the terms of the Fixture Note, the vessel arrived at the discharge port of Batangas, Philippines at on February 20, 2008 at 00:10 hours and tendered Notice of Readiness[2]. Discharge of the cargo commenced at 10:40 hours on February 20, 2008, however discharge was suspended for periods on several occasions due to pipe leakage, crane problems, and rain. *See "Laytime of Statement" attached hereto as Exhibit 2.*

7. On March 4, 2008, at 00:00 hours, discharge was stopped after the consignee refused to take delivery of the cargo due to damage to some of the cargo. After some negotiation, discharge of the cargo resumed uninterrupted on March 14, 2008 at 00:00 hours. The Vessel finally completed discharge cargo operations on March 14, 2008 at 10:50 hours. The total amount of laytime used was 19.41 days. *See Exhibit 2.*

8. Under the Fixture Note, the total laytime permitted was 8.015 days. The Fixture Note provides for payment of demurrage at the rate of $10,000/day. Thus, 11.395 days of demurrage is equivalent to $113,950.00 Demurrage is due and owing from Oceanic to Neuwa Maritime in the amount of $113,950.00. *See Exhibit 2.*

9. The Fixture Note provides that Oceanic shall pay demurrage due and owing to Neuwa Maritime upon receipt of Neuwa Maritime's invoice.

10. Neuwa Maritime forwarded an invoice to Oceanic on March 17, 2008 requesting

---

[1] "Laytime" is the time allowed by the ship owner to the charterer to carry out the discharging operations.
[2] "Notice of Readiness" is notice presented to the shipper or his agent by the master's or ship's agent stating the readiness of the arrived ship to discharge; it determines when the laytime starts to count.

2

payment of demurrage in the amount of $113,950.00. To date, Oceanic has refused and/or failed to remit the demurrage payment. *See Invoice attached hereto as Exhibit 3.*

11. Oceanic has breached the terms of the Fixture Note by refusing and/or failing to pay demurrage due and owing to Neuwa Maritime.

12. Pursuant to the Fixture Note, disputes between the parties are to be submitted to arbitration in Hong Kong with English law to apply. Neuwa Maritime will commence arbitration after the commencement of this action and jurisdiction is obtained over Oceanic.

13. This action is brought in order to obtain jurisdiction over Oceanic and also to obtain security for Neuwa Maritime's claims and in aid of Hong Kong arbitration proceedings.

14. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. Section 63 of the English Arbitration Act of 1996 specifically allows for recovery of these items as part of an award in favor of the prevailing party.

15. As best as can now be estimated, Plaintiff expects to recover the following amounts at arbitration as the prevailing party:

| | | |
|---|---|---|
| a. | Demurrage: | $ 113,950.00 |
| b. | Interest for 2 years, compounded quarterly at 7%: | $ 16,965.08 |
| c. | Estimated recoverable legal fees and costs: | $ 35,000.00 |
| **Total:** | | **$ 165,915.08** |

16. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendant.

17. The Plaintiff seeks an order from this court directing the Clerk of Court to

3

issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any proeprty of the Defendant held by any garnishee within the District for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That pursuant to 9 U.S.C. §§ 201. *et seq.* and/or the doctrine of comity this Court recognize and confirm any foreign judgment or arbitration award rendered on the claims had herein as a Judgment of this Court;

C. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all tangible or intangible property of the Defendant within the District, including but not limited to any funds held by any garnishee, which are due and owing to the Defendant, up to the amount **$ 165,915.08** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

D. That this Court enter Judgment against Defendant on the claims set forth herein;

E. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

4

F.      That this Court award Plaintiff its attorney's fees and costs of this action; and

G.      That the Plaintiff have such other, further and different relief as the Court

may deem just and proper.

Dated: May 16, 2008
       New York, NY

                      The Plaintiff,
                      Neuma Maritime Co., S.A.

By: _____
     Patrick F. Lennon
     Anne C. LeVasseur
     Charles E. Murphy
     LENNON, MURPHY & LENNON, LLC
     420 Lexington Ave., Suite 300
     New York, NY 10170
     (212) 490-6050 – phone
     (212) 490-6070 – fax
     pfl@lenmur.com
     acl@lenmur.com
     cem@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York   )
                    )   ss.:   City of New York
County of New York  )

1. My name is Charles E. Murphy.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a partner in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   NY, NY
         May 16, 2008

_/s/ Charles E. Murphy_
Charles E. Murphy

6

EXHIBIT 1

## FIXTURE NOTE

IT IS THIS DAY 08TH JAN 2008 MUTUALLY AGREED BETWEEN OWNERS AND CHARTERERS THE TERMS AND CONDITIONS AS FOLLOWING:

01. MV JUI TAI NO.3 FLAG: PANAMA BUILT:1977 DWT17625MT ON 8.594M 4HO/4HA S'DECK GRT/NRT:10930/6331MT LOA/BM:153.10/22.20M G/B CAPA:21798/21225M3 DRK 8.15/20MT WOG

02. CARGO & QUANTITY: MIN 15000MT SODIUM SULPHATE + CHEMICAL PRODUCTS IN BAG SF:1.25 WOG 3%MORE CHTERS OPTION UPTO VESSEL'S FULL CAPACITY

03. LOADING PORT: 1SBP, ZHENJIANG, CHINA

04. DISCHARGING PORT: 1SBP, BATANGAS, PHILIPPINES

05. LAYCAN: 21-28 JAN 2008

06. FREIGHT RATE: USD29.00 PMT FIOST TERM BSS1/1

07. FREIGHT 100 PCT PREPAID INTO OWNERS BANK WITHIN 3 DAYS AFTER COMPLETION OF LOADING, FREIGHT TO BE DEEMED AS EARNED WHEN CARGO SHIPPED ON BOARD WITH DISCOUNTLESS & NON-RETURNABLE WHETHER SHIP AND /OR CARGO LOST OR NOT LOST.

08. L/D RATE: COD / 2000MT PWWD SHINC

09. DETENTION: USD10,000.00 PER DAY OR RATA IF CARGO & DOCUMENTS IS NOT READY UPON VSL'S ARVL AT LOADING PORT.

10. DEMURRAGE/DESPATCH: USD10,000.00 PER DAY RATA/NO DESPATCH AT DCHG PORT

11. OWRS AGENT AT LOADING/DISCHARGING PORTS

12. OAP IF ANY TO BE FOR CHTERS ACCT.

13. SHIPSIDE TALLY OWRS ACCT SHORESIDE TALLY CHTRS ACCT.

14. MASTER TO GIVE 7/5/3/2/1 DAYS ETA NOTICE BEND.

15. ANY TAXES/DUES ON CGO CHTRS ACCT SAME ON FRT/VSL OWRS ACCT.

16. LASHING/SECURING/DUNNAGE/SEPERATION IF ANY TO BE FOR CHTERS ACCT

17. SHIP'S CARGO HOLDS SHOULD BE CLEAN/DRY AND SUITABLE TO LOAD THE CARGO.

18. LIGHTERAGE, LIGHTENING, IF ANY TO BE FOR CHTER'S ACCOUNT. BUT DUE TO VESSEL'S DRAFT REASON, LIGHTENING & LIGHTERAGE IF ANY TO BE FOR OWRS ACCOUNT.

19. COMBINED CARGO IS NOT ALLOWED.

20. OWRS ARE NOT RESPONSIBLE FOR CARGO'S DAMAGE.

21. EXCEPT RAINING DAY, SUNDAY, HOLIDAY, OTHER TIME WILL IS LAYTIME.

22. SHORE CRANES IF USED TO BE FOR CHTERS ACCT BUT IF VSLS DRKS BE OUT OF ORDER OR BREAKDOWN AT DISCHARGING PORT SHORE CRANES TO BE FOR OWRS ACCT.

23. TOTAL COMMISION 2.50PCT

24. ARBITRATION: ANY DISPUTES ARISING UNDER THIS CHARTER PARTY TO BE REFERED TO ARBITRATE IN HONGKONG AND ENGLISH LAW TO APPLY.

25. OTHER TERMS AND CONDITIONS AS PER GENCON C/P (AS REVISED 1994)

ON BEHALF OF CHARTERERS          ON BEHALF OF OWNERS

For and on behalf of
OCEANIC PACIFIC LIMITED
東華太平洋有限公司

Authorized Signature

TO: 大華友誼 PLEASE FAX US FIXTURE NOTE AFTER SIGNED. FAX NO:

EXHIBIT 2

# NEUWA MARITIME CO. S.A.

5FL-2 NO.551 JIOURU 1ST ROAD DANMIN DIST., KAOHSIUNG ( 80764 ), TAIWAN R.O.C.
807 高雄市三民區九如一路551號5樓之2
Tel : 886-7-3974257   Fax : 886-7-3974258

TO : 陳宏孟
FM : NEUWA MARITIME CO. S.A.
DATE : 17th MAR, 2008

## LAYTIME OF STATEMENT
## MV "JUI TAI NO.3" V-0802

Cargo & Quantity: 16030.62MT SALT/S.A.L.T/G-SALT
Discharging rate: 2000.00 mts PWWD SHINC
Discharging port: Batangas, Philippine
NOR Tendered: 0010hrs FEB 20 2008
NOR Accepted: 1300hrs FEB 20 2008
Laytime counting from: 1040hrs FEB 20 2008
Laytime allowed: 8.01531 days

| Day | Date | Time worked From | Time worked To | Gang using | Remark | Laytime used | Laytime Calculation | |
|---|---|---|---|---|---|---|---|---|
| Wed | 2/20 | 1040-1230 | | 4/4 | 0010hrs Vsl arrived n NOR tendered | 1:50:00 | | |
| | | 1330-2400 | | 4/4 | 1040hrs commenced dis | 10:30:00 | 12:20:00 | |
| | | | | | 1230-1330hrs stopped dis in all hatches due to rain | 0:00:00 | 12:20:00 | |
| Thur | 2/21 | 0000-1100 | | 4/4 | 1100-1330hrs stopped discharging all hatches due to power generator hydaulic cooling pipe leakage | 11:00:00 | 23:20:00 | 1 |
| | | 1330-1515 | | 4/4 | 1515-1600hrs stopped dis in all hatches due to rain | 1:45:00 | 1:05:00 | |
| | | 1600-1700 | | 4/4 | 1700-2400hrs stopped dis in all hatches due to rain | 1:00:00 | 2:05:00 | |
| Fri | 2/22 | 0800-1930 | | 4/4 | 0000-0800hrs no dis in all hatches due to rain | 11:30:00 | 13:35:00 | |
| | | 2200-2400 | | 4/4 | 1930-2200hrs stopped dis in all hatches due to rain | 2:00:00 | 15:35:00 | |
| Sat | 2/23 | 0000-2200 | | 4/4 | 2200-2400hrs stopped dis operation in all hatches due to rain | 22:00:00 | 13:35:00 | 2 |
| Sun | 2/24 | 0300-2400 | | 4/4 | 0000-0300hrs no dis in all hatches due to rain | 11:00:00 | 0:35:00 | 3 |

| Day | Date | Time | Hatches | Remarks | | | |
|---|---|---|---|---|---|---|---|
| Mon | 2/25 | 0000-1815 | 4/4 | 1815-2200hrs stopped dis in all hatches due to rain | 18:15:00 | 18:50:00 | |
| | | 2200-2400 | 4/4 | | 2:00:00 | 20:50:00 | 4 |
| Tue | 2/26 | 0000-1130 | 4/4 | 1130-2400hrs stopped dis in all hatches due to rain | 11:30:00 | 8:20:00 | |
| Wed | 2/27 | 0740-1600 | 4/4 | 0000-0740hrs no dis in all hatches due to rain | 8:20:00 | 16:40:00 | |
| | | | | 1600-2400hrs no dis in all hatches due to rain | | | |
| Thur | 2/28 | 0945-1000 | 4/4 | 0000-0945hrs no dis in all hatches due to rain/bad weather | 0:15:00 | 16:55:00 | 5 |
| | | 1245-2400 | 4/4 | 1000-1245hrs stopped dis in all hatches due to rain | 11:15:00 | 4:10:00 | |
| Fri | 2/29 | 0000-2215 | 4/4 | 2215-2345hrs crane 3 stopped/cable wire twisted | 22:15:00 | 2:25:00 | 6 |
| | | 2215-2345 | 3/4 | | 1:08:00 | 3:33:00 | |
| | | 2345-2400 | 4/4 | | 0:15:00 | 3:48:00 | |
| Sat | 3/01 | 0000-1030 | 4/4 | 1030-1200hrs stopped dis in all hatches due to power generator troubles | 10:30:00 | 14:18:00 | 7 |
| | | 1200-1435 | 4/4 | 1435-1630hrs stopped dis in all hatches due to rain | 2:35:00 | 16:53:00 | |
| | | 1630-2400 | 3/4 | | 7:30:00 | 0:23:00 | |
| Sun | 3/02 | 0000-1930 | 4/4 | 1930-2030hrs no dis in all hatches due to rain | 19:30:00 | 19:53:00 | |
| | | 2030-2400 | 4/4 | | 3:30:00 | 23:23:00 | |
| Mon | 3/03 | 0000-0845 | 4/4 | 0845-1010hrs crane 2 trouble (cable wire twisting) | 8:45:00 | 8:08:00 | 8 |
| | | 0845-1010 | 3/4 | | 1:04:00 | 9:12:00 | |
| | | 1010-2400 | 4/4 | | 13:50:00 | 23:02:00 | |
| Tue | 3/04 | 0000-2400 | 4/4 | no dis as per advice by consignee | 0:00:00 | 23:02:00 | 9 |
| Wed | 3/05 | 0000-2400 | 4/4 | no dis as per advice by consignee | 0:00:00 | 23:02:00 | 10 |
| Thur | 3/06 | 0000-2400 | 4/4 | no dis as per advice by consignee | 0:00:00 | 23:02:00 | 11 |
| Fri | 3/07 | 0000-2400 | 4/4 | no dis as per advice by consignee | 0:00:00 | 23:02:00 | 12 |
| Sat | 3/08 | 0000-2400 | 4/4 | no dis as per advice by consignee | 0:00:00 | 23:02:00 | 13 |
| Sun | 3/09 | 0000-2400 | 4/4 | no dis as per advice by consignee | 0:00:00 | 23:02:00 | 14 |
| Mon | 3/10 | 0000-2400 | 4/4 | no dis as per advice by consignee | 0:00:00 | 23:02:00 | 15 |
| Tue | 3/11 | 0000-2400 | 4/4 | no dis as per advice by consignee | 0:00:00 | 23:02:00 | 16 |
| Wed | 3/12 | 0000-2400 | 4/4 | no dis as per advice by consignee | 0:00:00 | 23:02:00 | 17 |
| Thur | 3/13 | 0000-2400 | 4/4 | no dis as per advice by consignee | 0:00:00 | 23:02:00 | 18 |

| 3/14 | 0000-1050 | 4/4 | 1050hrs completed dis | 10:50:00 | 9:52:00 | 19 |
|---|---|---|---|---|---|---|

Total laytime used : 19.41 days
Less laytime allowed 8.015 days
Therefore laytime wasted :   11.3958 days
Despatch / Rate :   10000    11.3958    usd    113958

Please adv your acceptance or any comment by return in order to arrg concerned things asap.
B.Rgds./

EXHIBIT 3

# NEUWA MARITIME CO., S.A.

To : 陳公威  
Attn:  
Fm: G.Mgr Mr Wan Ken Huang  

Date: 17TH MAR 2008  
Ref: 2008031701  
Page: 1  

Dear Sirs, Good Day!  
RE: M/V "JUI TAI NO.3" - INVOICE  

## INVOICE

NAME OF VESSEL: M/V " JUI TAI NO.3"  
PORT OF LOADING: ZHANJIANG, CHINA          DATE:17TH MAR 2008  
PORT OF DISCHARGING: BATANGAS, PHILIPPINE REF NO: 2008031701  

| NAME OF VESSEL | PARTICULARS | REMARKS |
|---|---|---|
| M/V "JUI TAI NO.3" V0802 | DEMURRAGE USD 10,000.00/PER DAY | USD 113,958.00 |
| TOTAL | DUE TO OUR COMPANY | USD 113,958.00 |

PLEASE REMIT THE AMOUNT OF USD 113,958.00 TO FOLLOWING OUR BANK ACCOUNT,  
KINDLY ARRANGE T/T REMITTANCE TO OUR COMPANY ACCOUNT ASF:

**BANK NAME      : BANK OF TAIWAN OFFSHORE BANKING BRANCH**  
**BENEFICIARY   : NEUWA MARITIME CO., S.A.**  
**A/C NO.       : 069007023307**  
**BANK ADDRESS** : No.3, 1 Floor, Pao-Ching Road, Taipei, Taiwan, R.O.C  
**BANK TELEPHONE :   886 – 7 – 3891036**  
**SWIFT CODE : BKTWTWTP116**

YOUR PROMPT REMITTANCE IS HIGHTLY APPRECIATED

NEUWA MARITIME CO., S.A.