

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NEUWA MARITIME CO., S.A,           :
                                                   :
                    Plaintiff,             :          08 Civ. 4558 (GBD)
                                                   :
    - against -                            :          ECF CASE
                                                   :
OCEANIC PACIFIC LIMITED      :
                                                   :
                    Defendant.          :
-------------------------------------------------------------X

### ORDER DIRECTING TURN OVER OF ATTACHED FUNDS PURSUANT TO PARTIES' SETTLEMENT AGREEMENT

**WHEREAS** on or about May 16, 2008, NEUWA MARITIME CO., S.A. ("NEUWA MARITIME") instituted this action against the Defendant, OCEANIC PACIFIC LIMITED ("OCEANIC PACIFIC"), pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure; and

**WHEREAS**, NEUWA MARITIME has served Process of Maritime Attachment and Garnishment (the "PMAG") on various garnishees including Deutsche Bank; and

**WHEREAS**, pursuant to service of the PMAG upon it, Deutsche Bank has confirmed that it is holding certain funds in the form of Electronic Funds Transfers involving Defendant, OCEANIC PACIFIC, in the amount of $165,915.08 ("Attached Funds"); and

**WHEREAS**, NEUWA MARITIME and OCEANIC PACIFIC have settled the dispute involving NEUWA MARITIME's claim; and

**WHEREAS**, pursuant to the parties' settlement agreement attached hereto as Exhibit 1, OCEANIC PACIFIC has authorized NEUWA MARITIME's counsel, Lennon, Murphy &

Lennon, LLC to submit this consent order memorializing the parties' settlement agreement, providing for release and disbursement of the attached funds; and

**WHEREAS**, by the terms of the settlement agreement, the balance of all attached funds held by Deutsche Bank (or any other garnishee served with the PMAG) are to be released and paid to the following account:

| | |
|---|---|
| Beneficiary: | Holman Fenwick Willian |
| Beneficiary A/C No: | 004-102-190063 |
| Banker: | Hongkong & Shanghai Banking Corporation Ltd. |
| | G/F, Hutchison House, 10 Harcourt Road, Hong Kong |
| Swift Code: | HSBCHKHHHKH |
| Reference: | HWD/JUI TAI No. 3 |
| Amount: | $165,915.08 |

**WHEREAS**, OCEANIC PACIFIC has agreed that it is the owner of the attached property and specifically agrees to the turn over of funds set forth above,

**NOW, THEREFORE**, it is hereby:

**ORDERED** that Deutsche Bank is directed to release the Attached Funds in the sum of $165,915.08 pursuant to written instructions provided for herein.

Dated: New York, New York
July __, 2008

By:

LENNON, MURPHY & LENNON, LLC
Attorneys for Plaintiff
NEUWA MARITIME CO., S.A.

*Anne C. LeVasseur*
Anne C. LeVasseur (AL3333)
420 Lexington Avenue, Suite 300
New York, NY 10170
Phone (212) 490-6050
Fax (212) 490-6070
acl@lenmur.com

SO ORDERED: JUL 23 2008

*George B. Daniels*
George B. Daniels, U.S.D.J.
**HON. GEORGE B. DANIELS**

# EXHIBIT 1

## SETTLEMENT AGREEMENT

THIS AGREEMENT is made this 21st day of July 2008

BETWEEN:

(1) **NEUWA MARITIME CO., S.A.** of 5FL-2 No. 551 Jiouru 1st Road, Sanmin Dist, Kaohsiung Taiwan (80764) R.O.C. ("Owners")

(2) **OCEANIC PACIFIC LIMITED** of Room 2506 Zongfu Garden, No.5 Tianxianqiao North Road, Chengdu, Sichuan Province, P.R.C. ("Charterers")

(Owners and Charterers being referred to collectively as "the Parties" or individually a "Party")

WHEREAS:-

A. By a Fixture Note dated 8 January 2008 ("the Charterparty"), Owners agreed to charter the Vessel "JUI TAI NO.3" to Charterers for carriage of a minimum of 16,000 MT sodium sulphate and chemical products from Zhenjiang, China to Batangas, Philippines ("the Voyage").

B. Pursuant to the Charterparty, on or about 10 to 13 February 2008, the Vessel duly loaded a cargo of 16,030.610 MT / 350,360 bags of sodium sulphate and chemical products at Zhengjiang, China and thereafter proceeded on the Voyage. Eight Bills of Lading in the Congenbill 1994 form were issued dated 13 February 2008 consigned to Columbia Grain Feeds Corporation ("Cargo Interests").

C. On or about 20 February 2008, the Vessel arrived at the port of Batangas, Phillippines for discharge of the cargo. Discharge commenced on 20 February 2008 at around 1040 hrs.

D. During discharge it was discovered that a substantial part of the cargo was wet / stained and hardened by reason of the ingress of seawater during the Voyage (the "Incident"). The Cargo Interests caused the Vessel to be arrested at Batangas to obtain security for their claim as a result of the Incident, and the progress of discharging operations was interrupted and/or delayed accordingly.

E. Arising out of the Incident and/or the matters aforesaid, Owners have alleged that demurrage was incurred in the total sum of US$113,958.00 ("Owners' demurrage claim").

F. Charterers deny Owners' demurrage claim and contend that the Incident resulted from unseaworthiness of the Vessel for which Owners are responsible. Charterers deny that they may be under any liability whatsoever arising out of the Incident and/or the Charterparty.

G. Charterers and Owners deny each other's claims and this Agreement is without prejudice to the respective position of Owners and Charterers in relation thereto.

H.  Owners have issued maritime attachment proceedings against Charterers in Case No. 08 Civ 4558 at New York ("the New York Attachment Proceedings").

I.  The Parties now wish to enter into a settlement of Owners' demurrage claim, including the New York Attachment Proceedings, on the terms set out below, always without prejudice to the parties' respective claims and defences, rights and interests in any other disputes whatsoever arising out of the Charterparty.

NOW THEREFORE the Parties hereby AGREE as follows:

1.  Immediately upon signing of this Agreement, and in any event no later than 7 New York Banking days from the date of this Agreement, Owners shall irrevocably release, or irrevocably procure the release of the amounts of US$8,980.00 and US$156,935.08 ("the Attached Sums") currently attached by the New York Courts and the payment of the same plus all interest earned thereon (if any) without any further deduction(s) or any claim, counterclaim or set-off whatsoever, however, less any reasonable bank charges charged by the garnishee bank for paying the Attached Sums, to Charterers' nominated account, as follows:

    | | |
    |---|---|
    | *Beneficiary:* | *Holman Fenwick Willan* |
    | *Beneficiary A/C No.:* | *004-102-190063* |
    | *Banker:* | *Hongkong & Shanghai Banking Corporation Ltd* |
    | | *G/F, Hutchison House, 10 Harcourt Road, Hong Kong* |
    | *Reference:* | *HWD/ JUI TAI NO.3* |
    | *Amount:* | *US$165,915.08 (US$8,980.00 + US$156,935.08); and* |

2.  Within 7 Hong Kong banking days from the date of actual receipt of the Attached Sums by Holman Fenwick Willan, Charterers shall pay or procure the payment of the sum of US$70,000 (Seventy Thousand United States Dollars), but less any reasonable bank charges for paying the said sum, to the following account nominated by Owners ("the Owners' Nominated Account"):

    | | |
    |---|---|
    | *Bank:* | *Citibank N.A. Hong Kong* |
    | *Bank Address:* | *10/F, Harbour Front II, 22 Tak Fung St, Hunghom, Kowloon* |
    | *Account No:* | *006-391-08443017* |
    | *Account Name:* | *DLA Piper Hong Kong* |
    | *Corresponding Bank Name:* | *Citibank N.A., New York* |
    | *Corresponding Bank Swift Code:* | *CITUS33* |
    | *Beneficiary Bank Swift Code:* | *CITIHKHX* |
    | *Reference:* | *RKS/4153-1* |

    ("the Settlement Payment")

3. Payment of the Settlement Payment to the Owners' Nominated Account shall be in full and final settlement, inclusive of interest and costs, of Owners' demurrage claim and/or any claim in respect of Owners' demurrage claim made by any person claiming under or through or on behalf of Owners and/or the New York Attachment Proceedings.

4. Owners hereby further irrevocably undertake not to proceed with the New York Attachment Proceedings (save for the purpose of carrying Clause 1 above into effect) or commence or permit to be commenced any other proceedings (except for arbitration under the Charterparty) for the purpose of founding jurisdiction and/or obtaining security in respect of any dispute under the Charterparty.

5. The Parties declare and agree that this Settlement Agreement and the Settlement Payment are not to be construed as any admission of liability by any of the Parties in relation to any of the matters in dispute arising out of the Charterparty and/or the Incident and/or the New York Attachment Proceedings.

6. The terms of this Settlement Agreement, and all correspondence, communications and negotiations in relation to the Settlement Agreements and/or the Owners' demurrage claim and/or the New York Attachment Proceedings, are and shall remain confidential between the Parties and shall not be divulged by any of the Parties to any third party without the prior written consent of the other Party or as may be required by law. In particular, and without limitation of the aforesaid, this Agreement and the negotiations therefor shall not be disclosable in any arbitration commenced under the Charterparty in relation to any other dispute between the Parties.

7. This Settlement Agreement is governed by, and shall be construed in accordance with the laws of Hong Kong.

The High Court of Hong Kong shall have jurisdiction in relation to any dispute arising out of or in connection with this Settlement Agreement. Each of the Parties hereby irrevocably appoints the Hong Kong office of its solicitors identified below for the service of documents including legal process in relation to this Agreement.

Signed..................
DLA Piper, Hong Kong Office
As solicitors and agents only
For and on behalf of
Neuwa Maritime Co., S.A.

Signed..................
Holman Fenwick Willan, Hong Kong Office
As solicitors and agents only
For and on behalf of
Oceanic Pacific Limited

629208-5

- 3 -